UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Edward Greer,                                          Civil No. 13-3185 (SRN/FLN)

Petitioner,

v.                                              **REPORT AND RECOMMENDATION**

Denise Wilson,

Respondent.

---

James Edward Greer, *Pro Se*, for Petitioner.
Lisa Kirkpatrick, Assistant United States Attorney, for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner James Edward Greer's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by a person in federal custody (ECF No. 7)[1] and Respondent Denise Wilson's motion to dismiss (ECF No. 16). This matter was referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. Petitioner challenges his classification as a career offender for sentencing purposes in accordance with two recent Supreme Court decisions: *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Alleyne v. United States*, 133 S. Ct 2151 (2013). For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction to consider Petitioner's § 2241 petition and therefore recommends that the petition be **DENIED** and Respondent's motion to dismiss be **GRANTED**.

## I. BACKGROUND

---

[1]

Petitioner did not sign his original petition (ECF No. 1) and the Court therefore required Petitioner to file an amended petition containing his signature. *See* Order, ECF No. 6.

A.      **Factual and procedural background**

Following a September 2008 jury trial in the District of Nebraska, Petitioner was convicted of unlawful possession of a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). Sentencing Tr. 208, ECF No. 2. At the sentencing hearing on January 9, 2009, the district court found that Petitioner had three prior violent felony convictions and, therefore, the Court classified Petitioner as a career criminal pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Id*. at 225. Petitioner was thereafter sentenced to 188-months imprisonment in accordance with the fifteen-year mandatory minimum specified in the statute. *Id*. at 229.

On direct appeal to the Eighth Circuit, Petitioner challenged the district court's denial of a motion to suppress evidence and the sufficiency of evidence supporting his conviction. *United States v. Greer*, 607 F.3d 559 (8th Cir. 2010). Additionally, Petitioner collaterally attacked his classification as a career criminal, arguing that his guilty pleas in two prior violent felony convictions utilized for sentencing enhancement were not in compliance with the constitutional safeguards established in *Boykin v. Alabama*. *Id*. at 565; *Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (stating that a defendant must explicitly waive three constitutional rights before a guilty plea is entered: (1) the privilege against self-incrimination; (2) the right to a jury trial; and (3) the right to confront accusers). The Eighth Circuit affirmed Petitioner's conviction and sentence. *Greer*, 607 F.3d at 566.

Subsequent to the denial of his direct appeal, Petitioner brought a motion to vacate in accordance with 28 U.S.C. § 2255 in the District of Nebraska. *United States v. Greer*, No. 8:08CR132, 2012 WL 2958222 (D. Neb. July 19, 2012). In the § 2255 motion, Petitioner asserted that his trial counsel was ineffective for (1) failing to notice and obtain relevant

impeachment evidence; (2) failing to argue that a conducted search exceeded the scope of Petitioner's consent; and (3) failing to call witnesses to support these two claims. *Id*. at \*1. The Court found no evidence that Petitioner received ineffective assistance of counsel and therefore denied the motion to vacate on the merits. *Id*. at \*4.

**B.      The present habeas petition**

On December 18, 2013, Petitioner filed the instant habeas petition pursuant to 28 U.S.C**.** § 2241, challenging his conviction and the duration of his sentence in light of the recent Supreme Court decisions of *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Alleyne v. United States*, 133 S. Ct 2151 (2013). Pet., ECF No. 7.

In *Descamps*, the Supreme Court examined a sentencing enhancement pursuant to the ACCA. The Court reiterated the process a sentencing court must follow when determining if a previously committed offense by the defendant is a "violent felony" under the ACCA and thus subjects the defendant to sentencing enhancements. *See generally Descamps*, 133 S. Ct. 2276. The Supreme Court stated that when the statute governing the prior offense is "one not containing alternative elements" (i.e., "indivisible"), the sentencing court must restrict its examination purely to the governing statute in order to determine if the offense constitutes a violent felony within the meaning of the ACCA. *Id.* at 2281-82. The Court labeled this method as the "categorical approach." *Id*. at 2281. In contrast, the Court stated that when a statute governing a prior offense could be committed in alternate ways (i.e., "divisible"), the sentencing court may look beyond the elements set forth in the statute and examine a narrow class of documents, such as an indictment and jury instructions, to determine whether the offense is a violent felony under the ACCA. *Id*. The Court labeled this form of examination as the "modified

categorical approach." *Id*. In sum, the Court clarified that the modified categorical approach cannot be applied to indivisible statutes. *Id*. at 2282.

Ground One of the petition contends that the sentencing court improperly used the "modified categorical approach" when finding that a 1967 burglary conviction was a predicate offense for ACCA sentencing enhancement in violation of *Descamps*. Mem. in Supp. of Pet. 9, ECF No. 9. Petitioner claims that "[w]ithout even looking at the burglary statute itself, the sentencing court determined that Greer's 1967 conviction for burglary was a predicate offense under the ACCA by looking at documents pertaining to the case, even though the statute was in fact 'indivisible." *Id*.

In Ground Two of his petition, Petitioner asserts that he is entitled to relief based on another recent Supreme Court decision, *Alleyne*. In *Alleyne*, the Court held that facts which would increase the prescribed range of sentencing must be presented to a jury. 133 S. Ct. at 2155 ("[A]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"). In Petitioner's case, the sentencing court made a judicial determination that Petitioner was subject to ACCA sentencing enhancements because he had three prior convictions for violent felonies. ECF No. 9 at 13. Petitioner therefore contends that he is entitled to relief because, pursuant to *Alleyne*, such a determination regarding sentencing enhancement must be made by a jury, not the judge. *Id*.

In response, the Government argues that this Court lacks subject matter jurisdiction to address Petitioner's grounds for relief. Specifically, the Government maintains that the relief sought by Petitioner must normally be brought under a 28 U.S.C. § 2255 motion and that 28

U.S.C. § 2241 is an improper vehicle for Petitioner to assert his claims. Mem. in Supp. of Mot. to Dismiss 2, ECF No. 16.

## II. DISCUSSION

**A.     Legal standard**

Sections 2241 and 2255 provide two distinct avenues for federal prisoners to challenge a conviction or sentence. Ordinarily, a petitioner seeking to challenge the imposition of a conviction or sentence must utilize § 2255, whereas a petition pursuant to § 2241 challenges the execution of a sentence. *Swehla v. Wilson*, Civ No. 13-1919 (SRN/JJK), 2013 WL 5655895, at *3 (D. Minn. Oct. 15, 2013); *Mickelson v. United States*, Civ No. 01-1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. Sep. 10, 2002); *see also Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) ("A federal inmate generally must challenge a conviction or sentence through a § 2255 motion."). In other words, "[i]t is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

Section 2255, however, contains a "savings clause" which establishes a limited set of circumstances wherein the court of incarceration, not the sentencing court, may consider a constitutional challenge to the imposition of a conviction or sentence:

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. 2255(e) (emphasis added). As the Eighth Circuit has stated, "A petitioner who seeks to challenge his sentence or conviction must generally do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be *inadequate or ineffective*." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted) (emphasis added). Furthermore, the savings clause is jurisdictional in nature. *See Hill*, 349 F.3d at 1091 (The savings clause of § 2255 "provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence."). A federal district court does not have subject matter jurisdiction over issues relating to the imposition of a conviction or sentence by another district court unless the prerequisites of the savings clause are satisfied—i.e., remedy pursuant to a § 2255 motion would be inadequate or ineffective. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curium). A petitioner seeking relief under § 2241 by invoking the savings clause bears the burden of showing that a motion under § 2255 would in fact be inadequate or ineffective. *Id.*

Section 2255's savings clause does not define the phrase "inadequate or ineffective." Yet, courts have interpreted the phrase narrowly. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances."). Although the Supreme Court has not articulated a specific test for determining when the savings clause may be properly invoked, the circuit courts that have addressed this issue have adopted tests with similar elements. *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998). Courts have consistently found that, where a petitioner seeks to proceed under the

savings clause, "the petitioner must (among other elements) show that he seeks to apply (1) a new rule of law that (2) has been found to apply retroactively." *Dunklin v. Wilson*, Civ. No. 13-2411 (PJS/JSM), 2014 WL 5464250 at * 4 (D. Minn. Oct. 27, 2014) (citations omitted). As the Eleventh Circuit stated in *Williams v. Warden, Federal Bureau of Prisons*, the "inadequate or ineffective" standard of the savings clause is only satisfied when two conditions are met:

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

713 F.3d 1332, 1343 (11th Cir. 2013). Thus, this Court must address the threshold questions of whether the cases cited by Petitioner, *Descamps* and *Alleyne,* are retroactively applied and adopt new rules of law overturning circuit court precedent. If both conditions are not satisfied, Petitioner cannot avail himself of the savings clause and this Court lacks subject matter jurisdiction to address the § 2241 petition.

**B.      Analysis**

Petitioner argues that he properly filed his petition under § 2241 instead of § 2255 because (1) he previously filed for and was denied relief under § 2255; (2) "he does not meet the criteria for relief under a second 2255 application"; and (3) "he has never had an unobstructed procedural opportunity to raise this claim." ECF No. 9 at 6. In response, the Government asserts that the savings clause is inapplicable in Petitioner's case and, therefore, his claims must be dismissed. ECF No. 16 at 7-11. The Court agrees with the Government in finding that the requirements needed to invoke the savings clause are unsatisfied here and therefore this Court

does not maintain subject matter jurisdiction over Petitioner's § 2241 petition. The Court shall address each of Petitioner's grounds for relief in turn.

### 1.   *Descamps*

Ground One of the petition argues that Petitioner's conviction and sentence were in violation of *Descamps* because the sentencing court improperly utilized the "modified categorical approach" when concluding that Petitioner was subject to ACCA sentencing enhancement. ECF No. 9 at 3-8. Petitioner acknowledges that his first ground for relief fails if the *Descamps* holding is not applied retroactively. *Id*. at 11 ("Greer recognizes, of course, that his sentence must be set aside based on *Descamps* only if *Descamps* is applied retroactively to his 2009 sentencing."). However, Petitioner argues that "[a]lthough the Supreme Court did not itself address in *Descamps* whether that decision is to be applied retroactively . . ., this Court can make that determination on a motion for collateral relief. It is respectfully submitted, based on related precedent, that this Court should exercise that authority and hold that *Descamps* does apply retroactively here." *Id*.

This Court joins with numerous other courts in concluding that *Descamps* does not apply retroactively. *See e.g.*, *Snyder v. Wilson*, Civ. No. 14-2047 (PAM/LIB), 2014 WL 3767845, at *5 (D. Minn. July 31, 2014); *Dunklin*, 2014 WL 5464250, at * 5. First, nowhere in the *Descamps* opinion did the Supreme Court indicate that the decision should be applied retroactively. *See generally Descamps*, 133 S. Ct. 2276. Furthermore, the circuit courts which have address this question have found that *Descamps* should not be considered retroactive. *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman*, No. 13-11560, 2014

WL 4345685, at *3 (11th Cir. Sept. 3, 2014) (per curium); *Whittaker v. Chandler*, No. 13-11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curium).

Finally, and critically, *Descamps* fails to satisfy the retroactivity standard set forth in *Teague v. Lane*, 489 U.S. 288 (1989). In *Teague*, the Supreme Court set forth two exceptions to the general proposition that new rules of law are not retroactive on collateral review: the rule must either (1) place "certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe," or (2) it must be a "watershed rule of criminal procedure." *See id*. at 311. Here, the rule announced in *Descamps* does not satisfy either of the exceptions which warrant retroactive application. *Descamps* does not place the conduct for which Petitioner was convicted (possession of a firearm as a previously convicted felon) outside the purview of criminal law. Additionally, *Descamps* cannot be considered a watershed rule of criminal procedure as the Court's ruling in *Descamps* was dictated by prior Supreme Court precedent, including that of *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). *See Descamps*, 133 S. Ct. at 2283-84. The Court specifically stated that it was basing its ruling in *Descamps* on prior precedent regarding the categorical and modified approaches: "Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." *Id*. at 2283. Therefore, because the *Descamps* holding was based on previously established precedent, *Descamps* cannot be taken as establishing a new "watershed rule" of criminal procedure. *See United States v. McGee*, No. H-04-067-1, 2014 WL 2434186, at * 3 (S.D. Tex. May 27, 2014) ("there is no conceivable basis upon which *Descamps* could meet the retroactivity test set forth in *Teague v. Lane*.").

Even if *Descamps* did apply retroactively, § 2255's saving clause is not applicable because *Descamps* is not a new rule of law that overturns binding circuit court precedent.

9

*Williams*, 713 F.3d at 1343. First, as this District has already noted, *Descamps* did not adopt a

new rule of law:

> In *Descamps* the Supreme Court was applying its existing precedent to determine
> that in the case before it the lower courts had erred when they applied the
> modified categorical approach instead of the categorical one. The result in
> *Descamps* is one dictated by prior precedent. *Descamps* did not break with the
> past to adopt a change in the law. 133 S. Ct. at 2283 ("Our caselaw explaining the
> categorical approach and its 'modified' counterpart all but resolves this case.")[.]

*Jones v. Wilson*, Civ. No. 13-2208 (JNE/JJK), 2014 WL 1874752, at *6 (D. Minn. March 26,

2014). Moreover, *Descamps* did not overturn Eighth Circuit precedent. Rather, the *Descamp*

holding confirmed the Eighth Circuit's process for determining the proper approach in

evaluating previous convictions for the purposes of ACCA sentencing enhancements. In *United*

*States v. Boaz*, a case prior to the holding in *Descamp*, the Eighth Circuit confirmed the different

processes employed by the categorical and modified categorical approaches:

> [I]f the predicate statute reaches a broad range of conduct, this court may expand
> the inquiry to review the charging papers and jury instructions, but only to
> determine which part of the statute the defendant violated. When a statute is
> broadly inclusive, but contains no alternatives in its elements, we must apply the
> traditional categorical approach, and application of the modified categorical
> approach is inappropriate.

558 F.3d 800, 808 (8th Cir. 2009) (internal citations and quotations omitted). The rule articulated

in *Descamps* did not serve to overturn Eighth Circuit precedent, but rather confirmed the process

previously employed by the Circuit and articulated in *Boaz*. Thus, Petitioner has not satisfied the

requirements for invoking the savings clause of § 2255(e) and the Court lacks subject matter

jurisdiction to grant Petitioner the relief he seeks pursuant to *Descamps*.

   2.      *Alleyne*

In his second ground for relief, Petitioner argues that, in accordance with Supreme Court precedent in *Alleyne v. United States*, his sentence enhancement was improper because "a defendant's constitutional right to a jury trial requires that the facts which trigger a mandatory minimum sentence following conviction by a jury must be determined by the jury rather than the judge." ECF No. 9 at 5. Again, the threshold question remains whether the "inadequate or ineffective" standard of the savings clause is satisfied. The Court concludes that the savings clause cannot be invoked to award jurisdiction over Petitioner's second ground for relief because *Alleyne* is not retroactive.

Courts in this district, as well as other circuits, have consistently found that *Alleyne* does not have retroactive effect. *See, e.g.*, *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *In re Payne,* 733 F.3d 1027, 1029-30 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Dunklin*, 2014 WL 5464250, at *4-5; *Willis v. United States*, Civ. No. 13-2059 (JNE/JSM), 2014 WL 3384678, at *5 (D. Minn. July 10, 2014); and *United States v. Popa*, No. 07-CR-210 (JRT/AJB), 2013 WL 5771149, at *3 (D. Minn. Oct. 24, 2013).

As other courts have noted, the rule announced in *Alleyne* does not fall within the exceptions articulated in *Teague* which allow for retroactive application because it neither puts "primary, private individual conduct beyond the power of criminal law-making to proscribe," nor is it a "watershed" rule of criminal procedure. *See Dunklin*, 2014 WL 5464250, at *5 (finding that the rule articulated in *Alleyne* does not meet either of the criteria stated in *Teague* for retroactive effect). *Alleyne* does not put the conduct for which Petitioner was convicted outside the realm of criminal law. *See id*. ("*Alleyne* does not place the conduct for which [the petitioner] was convicted . . . outside the purview of the criminal law; [the petitioner's] conduct remains just as unlawful today as it was when he was convicted and sentenced."). Likewise,

*Alleyne* cannot be considered a watershed rule of criminal procedure. The *Alleyne* holding simply served as an extension of the prior Supreme Court precedent set forth in *Apprenid v. New Jersey*, 530 U.S. 466 (2000). *See Simpson*, 721 F.3d at 876. The "Eighth Circuit has consistently held that *Apprendi* and its progeny are not rules of watershed magnitude and has declined to apply those cases retroactively." *Burton v. Fabian*, 612 F.3d 1003, 1010 n. 4 (8th Cir. 2010). Because *Alleyne* does not have retroactive effect, it cannot justify the invocation of the savings clause.

The Court further notes that even if no jurisdictional hurdle were present, Petitioner's *Alleyne* argument clearly fails on the merits. Indeed Petitioner is correct in his assertion that *Alleyne* mandates that any fact which increases a defendant's mandatory minimum sentence is an element of the crime that must properly be presented to the jury. *Alleyne*, 133 S. Ct. at 2155. However, in *United States v. Abrahamson*, the Eighth Circuit explicitly addressed the *Alleyne* holding, stating that "the Court in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." 731 F.3d 751, 752 (8th Cir. 2013). Thus, Petitioner's argument that his sentencing enhancement under the ACCA was improper due his prior convictions not being presented to a jury is misplaced.

The Court finds that it does not have subject matter jurisdiction over Petitioner's stated grounds for relief and recommends that Petitioner's § 2241 petition be dismissed.

## III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  The amended petition for writ of habeas corpus (ECF No. 7) pursuant to 28 U.S.C. § 2241 be **DENIED**;

2.  Respondent's motion to dismiss (ECF No. 16) be **GRANTED**; and

3.  The action be **DISMISSED WITHOUT PREJUDICE**.


DATED: December 29, 2014                          s/Franklin L. Noel
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before January 13, 2015, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.